In the matter of proceedings by the MINNEAPOLIS & ST. CROIX RAILWAY COMPANY to acquire for its use a certain railroad crossing.

August 30, 1888.

**Eminent Domain—Railway Crossing of another Railway.—**Under the statute authorizing the district court to prescribe a location for the crossing of one railroad by another, the corporation whose land is taken for such a purpose is only entitled to have the place and manner of a necessary crossing so ordered as to be as little injurious to it as is consistent with the accomplishment, in a reasonable manner, of the purposes contemplated, regard being had for the interests and necessities of both corporations, as well as of the public.

Proceeding in the district court for Hennepin county, by the Minneapolis & St. Croix Ry. Co., to acquire the right to cross at grade the tracks of the St. Paul, Minneapolis & Manitoba Ry. Co. The last-named company appeals from an order by *Lochren*, J., granting the petition and appointing commissioners.

*Benton & Roberts*, for appellant.

*J. D. Springer*, for respondent.

DICKINSON, J.   This is an appeal by the St. Paul, Minneapolis & Manitoba Railway Company from an order of the district court allowing the above-named petitioning company to carry its railway across that of the first-named company in the city of Minneapolis, and appointing commissioners to assess the compensation to be paid therefor by the petitioning company. The appellant's contention upon this appeal is, in substance, that a crossing at this place is not necessary for the purposes of the petitioning company; that it is unnecessarily injurious to the appellant; and that the manner of making and operating the crossing have not been so prescribed as to do the least possible injury to the appellant, nor with due regard to its interests.

The statute authorizing the court to prescribe the location and the manner of the crossing "so as to effect the purpose of the petitioning corporation, and at the same time do the least injury to the corporation whose property is taken," (Gen. St. 1878, *c.* 34, § 47, as amended by Laws 1879, *c.* 35, § 3,) cannot be fairly construed as compelling the adoption of that place or manner of crossing which will in the least degree injure the corporation whose property is taken, without regard to the serious difficulty and inconvenience to the other corporation in making and using a crossing at that particular place, or in that particular manner.   The statute has regard to the interests and necessities of both corporations in such cases; both being engaged in similar enterprises of a public nature favored by state legislation, and for the prosecution of which the exercise of the right of eminent domain is necessary.   What degree of injury or inconvenience must be submitted to by the party whose land is taken, (proper compensation being made,) and what inconvenience the condemning party must suffer, necessarily involve many considerations, and can only be determined with regard to the circumstances of each particular case. It is not required, in such a case, that the particular crossing chosen shall be absolutely necessary.   It is enough if the location and manner of crossing—when a crossing is necessary—is such as is within the reasonable necessities of the petitioning corporation, and as little injurious to the other party as is consistent with the accomplishment,

in a reasonable manner, of the purposes contemplated, having regard to the various interests of both, and of the public.

The order appealed from was made after a trial in which much testimony was heard, bearing upon the questions involved. Without here stating the situation, and the particular circumstances affecting the propriety and necessity of the location adopted,—which would be of no general interest,—we state as our conclusion, from an examination of the case, that the evidence justified the findings of the court that a crossing at this place was required, and was necessary, in the sense in which we understand the term "necessary" as applicable to such cases. As to the mode in which, according to the order, the crossing is to be made and operated, we cannot say that the court has not exercised its discretion and judgment with due regard to the rights of the appellant, in the various particulars referred to in the appellant's brief.

Order affirmed.