(Opinion published 52 N. W. Rep. 652.)

WINONA & SOUTHWESTERN RY. Co. *vs.* CHICAGO, MILWAUKEE & ST. PAUL RY. Co.

Argued June 1, 1892. Decided June 27, 1892.

**Crossing of One Railway by Another—Conditions.**

> In an application by a railway company under Laws 1879, ch. 80, for the appointment of commissioners to assess the damages for crossing the property and tracks of another railway company, the court may not only prescribe the place, angle, and elevation of the crossing, but also that the petitioning company shall do what to the court shall seem reasonably practicable to make and keep the crossing safe to the trains of the other company and to the public, and for that purpose may require it to construct and maintain a known and approved device to enable trains to pass a crossing without danger of collision.

Appeal by the Winona & Southwestern Railway Company from the decision of the District Court of Mower County, *Farmer, J.,* made May 16, 1891, prescribing the conditions on which it was permitted to construct its track at grade, across the track of the Chicago, Milwaukee & St. Paul Railway, at Le Roy in that county.

*Thomas Simpson, Henry M. Lamberton* and *Lafayette French,* for appellant.

*John W. Cary, Burton Hanson* and *Kingsley & Shepard,* for respondent. They cited *In re Minneapolis & St. Louis Ry. Co.,* 36 Minn. 481; *In re Minneapolis & St. Croix Ry. Co.,* 39 Minn. 162;

*In re Lockport & Buffalo R. Co.,* 19 Hun, 38; *In re New York, L. E. & W. R. Co.,* 110 N. Y. 374; *In re Boston, Hoosac Tunnel & W. Ry. Co.,* 79 N. Y. 64; *Pennsylvania R. Co.'s Appeal,* 116 Pa. St. 55; *Union Pac. Pac. Co.* v. *Leavenworth, N. & S. Ry. Co.,* 29 Fed. Rep. 728.

GILFILLAN, C. J.    This is an appeal by the Winona & Southwestern Railway Company from an order of the district court, made on its petition, appointing commissioners to assess the damages for crossing with its tracks the depot grounds and tracks of the Chicago, Milwaukee & St. Paul Railway Company, and prescribing the location and manner in which the crossing shall be made.

Only one objection is made to the order.    It imposed as a condition of crossing that the appellant should at its own cost erect and at all times maintain at the crossing what is known as the "Saxby & Farmer Interlocking Appliance," (which is a device to enable trains to pass a crossing without stopping, and without danger of collision,) or such other equivalent safety appliance as might be approved by the railroad commissioners or the court.    The evidence before the court below is not returned, so that, if imposing such a condition is within the power of the district court upon any showing on such an application, we have no means of reviewing the decision of the court in this case.    The only question that can be raised is upon the power of the court.

The statute (Laws 1879, ch. 80, § 3) provides that upon an application for the appointment of commissioners to assess the damages for a railroad crossing the court shall, "upon the request of either party, and upon such showing as the court may deem necessary and proper, prescribe the location and the manner in which such crossing or connection shall be made so as to effect the purpose of the petitioning corporation, and at the same time do the least injury to the corporation whose property is taken."    A preceding part of the section gives to a railroad corporation electing to cross the property and tracks of another the right to do so either over, under, or at grade; but it is conceded, as of course it must be, that this is qualified by the power of the court to prescribe the location and manner of crossing.

The appellant insists that the power of the court extends no further than to prescribe where and at what angle the crossing shall be made, and whether above, or, if so, how much above, grade, or below, and, if so, how much, below, grade, or on grade, and that it does not include the power to prescribe anything to be done by the crossing corporation for the purpose of making and keeping the crossing reasonably safe to the trains of the corporation whose track is to be crossed, and to the public; in other words, that the function of the court is discharged when it has prescribed the place, angle, and elevation of the crossing. Though the question has never before been distinctly presented for decision, it has been assumed otherwise by this court. *In re Minneapolis & St. L. Ry. Co.*, 36 Minn. 481, (32 N. W. Rep. 556;) *In re Minneapolis & St. C. Ry. Co.*, 39 Minn. 162, (39 N. W. Rep. 65.)

The court is to prescribe the location and manner of the crossing, not merely for the purpose of getting the petitioning corporation's tracks across the tracks of the other, but also so as at the same time to do the least injury to the corporation whose property is taken. This must refer to injury to such corporation in the use of its tracks after the crossing is made as well as to any other injury. So, in any case, if it were reasonably feasible to cross either above grade or below grade, we think the court might require such a crossing, though its only reason for so doing should be to avoid the injury to the other corporation necessarily consequent upon interfering with the free and safe running of its trains. And if the crossing could be made otherwise than by running over or under the tracks of the other corporation, so as not to interfere with the running of trains by such other corporation, the court might require it to be so made, if, under the circumstances, the requirement appeared to it reasonable, and especially where such requirement looks not only to avoiding, so far as reasonably practicable, injury in the transaction of its business, to the corporation whose tracks are to be crossed, but also to the safety, at the intersection, of passengers traveling on either road. The purposes for which such requirements may be made reach beyond the mere construction of the crossing, the laying the rails across, and extend to its operation after the merely mechan-

ical work of getting across is done, and for that reason the court may prescribe not only what it may decide to be necessary in constructing the crossing to make it least injurious to the corporation whose track is crossed, but it may also prescribe that the condition which it may deem proper shall be maintained. Of course, where the action of the crossing corporation makes necessary the expense of doing what the court prescribes for the purpose of putting and keeping the crossing in proper condition so as to do least injury to the corporation whose track is crossed, the court may require it to bear such expense.

Order affirmed.

(Opinion published 52 N. W. Rep. 657.)

An application for reargument was denied July 15, 1892.